## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SALIENT SYSTEMS CORPORATION,   )
)
Plaintiff,   )
)     Civil Action No.: ___20-1558-CFC___
v.   )
)     **JURY TRIAL DEMANDED**
HAWK TECHNOLOGY SYSTEMS, LLC   )
and MARC SHULMAN,   )
)     ██████████████
Defendants.   )
)     PUBLIC VERSION - FILED ON NOVEMBER 30, 2020
)

## COMPLAINT FOR BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, PATENT INVALIDITY, PATENT MISUSE AND VIOLATIONS OF THE SHERMAN ACT

Plaintiff Salient Systems Corporation ("Salient"), by its undersigned attorneys, for its

Complaint against Defendants Hawk Technology Systems LLC ("Hawk") and Mark Shulman

("Shulman") (Hawk and Shulman, collectively, "Defendants"), alleges and states as follows:

### NATURE OF THE ACTION

1.      In this action, Salient, a leading and trusted manufacturer of video surveillance

management technology, seeks redress against Defendants for breach of contract, breach of the

covenant of good faith and fair dealing, fraud, tortious interference with business relations,

patent invalidity, patent misuse, and violations of the Sherman Act.

2.      This lawsuit arises from, *inter alia*, ████████████████████████

████████████████████████████████████████████████████

████████████████████████

3.      ████████████████████████████████████

████████████████████████████████████████████████████

████████████████

████████████████████████

4.   ████████████████████████████████████

████████████████

5.   ██████████████████████████████████ Hawk filed suit on October

20, 2020, in the United States District Court of Northern District of Mississippi, against a Salient

customer, Kirkland's, Inc. d/b/a Kirkland's Stores, Inc. ("Kirkland's) (Complaint attached as

Exhibit B), for allegedly infringing United States Patent No. 10,499,091 (the "'091 patent")

(attached as Exhibit C) based on Kirkland's use of Salient's technology.

6.   ███████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

█████████████████████████████ Salient was denied this benefit

as a direct and proximate result of Defendants' breach of the covenant of good faith and fair

dealing.

7.   Specifically, Hawk operates as a patent troll that threatens and/or sues companies

for alleged infringement of its invalid, unenforceable and/or non-infringed patents related to

video surveillance methods.

8.   Defendants' unlawful conduct includes, *inter alia*:

a.   ███████████████████████████████

filing a patent infringement suit against a Salient customer;

b.   Breaching the covenant of good faith and fair dealing with Salient by

arbitrarily and unreasonably interfering with Salient's right to receive the benefit of the

contract;

-2-

████████████████████████████

c.      Fraudulently inducing Salient ███████████████████████ with

the intention of misleading and harming Salient, Salient's customers, and other interested

parties;

d.      Tortiously interfering with Salient's business relations by asserting a bad

faith patent suit against a Salient customer, knowing that the mere assertion of a claim of

patent infringement—even if baseless—could stop Salient's customers and prospective

customers from purchasing Salient's products and technology, and/or negotiating any

future contracts with Salient, for fear of future suits of patent infringement;

e.      Misusing the invalid '091 patent, each claim of which is invalid for, *inter*

*alia*, failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. §

100 *et seq*., including 35 U.S.C §§ 101, 102, 103 and/or 112, by filing suit for alleged

infringement of the invalid '091 patent against a Salient customer, ██████████

██████████████████████████████████████████████

█████████████████ and

f.      Violating § 2 of the Sherman Act by filing a sham suit for alleged patent

infringement against a Salient customer, despite knowing that this claim of patent

infringement is objectively baseless, asserted in bad faith, and brought for an anti-

competitive purpose to unlawfully and directly interfere with Salient's business and

customers and to harm competition.

9.      Judicial intervention is necessary to hold Defendants accountable for breach of

contract, breach of the covenant of good faith and fair dealing, fraud, tortious interference with

business relations, patent invalidity, asserting baseless claims of patent infringement, patent

misuse, and antitrust violations, including to prevent any further misuse of patent infringement

suits by Hawk against Salient's customers, and to award fair compensation for Salient's

damages, restitution for Defendants' unjust enrichment, and punitive damages, and other

injunctive relief and/or remedies in law or equity as are just and proper.

## THE PARTIES

10.     Salient is a corporation organized and existing under the laws of Texas having its

place of business at 4616 W. Howard Lane, Building 1 Suite 100, Austin, TX 78728.

11.     Upon information and belief, Hawk is a limited liability company organized and

existing under the laws of the state of Florida and maintains its principal place of business at 2

South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

12.     Defendant Marc Shulman capitalized, founded and formed Hawk as a limited

liability company organized and existing under the laws of the state of Florida in which he is the

Managing Partner.  Upon information and belief, Shulman has at all relevant times served as the

managing partner of Hawk and/or participated materially in the management of Hawk.  Further,

upon information and belief, Shulman █████████████████████████████.

## JURISDICTION AND VENUE

13.     The patent claims in this action arise under the Patent Laws of the United States,

codified at Title 35, United States Code § 101, *et seq*., and the antitrust claims in this action arise

under the Antitrust Laws of the United States, 15 U.S.C. § 2.  Accordingly, subject matter

jurisdiction of this Court exists under at least 28 U.S.C. §§ 1331, 1337(a) and 1338(a); and 15

U.S.C. § 15.

14.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367, for at least

the breach of contract, breach of the covenant of good faith and fair dealing, fraud and tortious

interference with business relations claims.

-4-

15.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  In particular, Salient is a Texas corporation.  Hawk is organized under the laws of Florida and has its principal place of business in Florida.  Upon information and belief, Shulman is a resident of the State of Michigan.

16.     Additionally, Hawk and its Managing Partner, ████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████ ████████
██████████████████████ The claims here arise from, *inter alia*, ██████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████

17.     Venue is proper in this case under 28 U.S.C. §§ 1391 and/or 1400.

**<u>SALIENT'S BUSINESS</u>**

18.     Founded in 1995, Salient is a leader in open architecture video management systems.  By combining powerful video management software and versatile hardware platforms, Salient delivers surveillance solutions that are easy to use, flexible, and scalable.

19.     Through a significant investment of time, capital and people, Salient has become a leading provider of enterprise video surveillance solutions and offers the industry's most straightforward, cost-effective approach for migrating from analog to digital IP video

████████████████████████████████████████

technologies.  Salient offers ways to its end users to maximize video surveillance performance while minimizing costs using a single, open network platform.

20.    The industry in which Salient competes is highly competitive, and Salient's video surveillance systems set Salient apart from its competition in capturing the most valuable business opportunities as customers use its products and technology.  Thus, protection of Salient's products, its technology and its customers is absolutely critical to Salient's core strategy and business model.

## PRIOR LITIGATION AND ████████████████

21.    Defendants had previously commenced litigation against certain end users of Salient's technology by alleging those end users were liable for infringement of U.S. Patent No. RE43,462 (the "'462 Patent"), entitled "Video Monitoring and Conferencing System," based, at least in part, on the end users' use of software and components made and/or sold by Salient. Defendants commenced this prior litigation against at least The Langham Chicago Hotel in the Northern District of Illinois, Lafayette General Medical Center in the Western District of Louisiana, The Walsh Construction Group in the Northern District of Illinois, American Bank of Texas in the Eastern District of Texas, Taubman Centers Malls in the Eastern District of Michigan, Friedman Properties in the Northern District of Illinois, and Grakon in the Eastern District of Michigan.   *See Hawk Technology Systems, LLC v. Pacific Langham Chicago Corporation, d/b/a The Langham Chicago*, Case No. 1-14-cv-00662, filed Jan. 30, 2014 (N.D. Ill.); *Hawk Technology Systems, LLC v. Lafayette General Medical Center Inc*, Case No. 6-15-cv-02085, filed Jul. 21, 2015 (W.D. La.); *Hawk Technology Systems, LLC v. The Walsh Group, Ltd.*, Case No. 1-16-cv-06485, filed Jun. 22, 2016 (N.D. Ill.); *Hawk Technology Systems, LLC v. American Bank of Texas NA,* Case No. 2-15-cv-01516, filed Sep. 11, 2015 (E.D. Tex.); *Hawk*

████████████████

*Technology Systems, LLC v. Taubman Centers, Inc.*, Case No. 2-14-cv-13267, filed Aug. 22, 2014 (E.D. Mich.); *Hawk Technology Systems, LLC v. Friedman Properties, Ltd.*, Case No. 1-15-cv-05925, filed Jul. 6, 2015 (N.D. Ill.); *Hawk Technology Systems, LLC v. Grakon, LLC*, Case No. 2-16-cv-12898, filed Aug. 8, 2016 (E.D. Mich.).

22.     Salient denied that any claim of any patent asserted by Hawk against end users of Salient's technology has been infringed based on the use of Salient's technology. ███████

███████████████████████████████████

███████████████████████████████████

█████████████████████████████████████

██████████████████████████████████

████████████████████

23.     ██████████████████████████████████

███████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████ Defendants used the '462 patent, the prior litigation against at least The Langham Chicago Hotel, Lafayette General Medical Center, The Walsh Construction Group, American Bank of Texas, Taubman Centers Malls, Friedman Properties and Grakon, and the Settlement Agreement as devices—masks—for their sham and objectively baseless litigations.

-7-

███████████████████████

24. ████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████████
███████████████████████

25. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████

26. ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████

-8-

████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████

27.    █████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

████████████████████

**DEFENDANTS' BREACH OF** ███████████████████████

28.    On October 20, 2020, Hawk filed a patent infringement suit in the United States District Court of Northern District of Mississippi against Kirkland's, ███████████████ ██████████████████████████ Specifically, Hawk alleged that Kirkland's infringed the '091 patent, ███████████████████████████████████████ ████████████████████████████

29.    Defendants know that Kirkland's ███████████████████████ ████████████████ In "Exhibit C" (attached as Exhibit D herein) to Hawk's complaint for infringement of the '091 patent against Kirkland's, Hawk specifically identifies Salient Technology as the basis of the suit.

30.    Unbeknownst to Salient and without Salient's express or implied permission, ████████████████████████████████████████████████ ████████████████████████████████████████████████

-9-

██████████████████████████████

███████████████████████████████████████

██████████████████████████████

31.     Defendants' assertion of the '091 patent ███████████████████████

█████████████████████

### **THE CLAIMS OF THE '091 PATENT ARE INVALID**

32.     All of the claims of the '091 patent are invalid for, among other things, failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., including 35 U.S.C §§ 101, 102, 103 and/or 112.

33.     For example, all the claims of the '091 patent are invalid under § 101 because the claimed subject matter of the '091 patent is directed to patent-ineligible concepts; their character as a whole is directed to an abstract concept, and no claim contains an inventive concept.

34.     The '091 patent is invalid under 35 U.S.C § 101 because it attempts to "computerize" what video cameras have done for decades–video monitoring.  Specifically, independent claims 1 and 6 of the '091 patent are directed to receiving video images at a computer based system and digitizing, displaying, converting, and storing the images, and remotely streaming the images upon request.  This functionality is achieved using a conventional "personal computer," an "analog-to-digital converter," and a "remote viewing device."  These claims use generic computer components and technology, and the other dependent claims 2-5 are dependent on claim 1 and do not add anything inventive.  Further, the highly generalized steps of the '091 patent claims are directed to the patent-ineligible abstract concepts of collecting, displaying, and manipulating data.  Thus, the claims of the '091 patent do not pass muster under either step of the two-step test for patent eligibility set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 134 S. Ct. 2347 (2014).

████████████████████

35.     All of the claims of '091 patent are also invalid under §§ 102 and/or 103 as anticipated and/or obvious based upon at least the following prior art references, alone or in combination with each other:  U.S. Patent No. 5,375,068; U.S. Patent No. 5,619,995; U.S. Patent No. 5,625,410; U.S. Patent No. 6,675,386; and U.S. Patent No. 6,489,986.

36.     All of the claims of '091 patent are also invalid under § 112 for indefiniteness, lack of enablement and/or lack of written description.

## DEFENDANTS' LITIGIOUS ACTIVITIES

37.     Defendants purport to commercialize the alleged inventions of Hawk's founder, Barry Schwab ("Schwab"); however, Defendants are primarily in the business of extracting licensing and settlement agreements using classic "troll-like" behavior.

38.     Hawk's main website http://www.hawktechnologysystems.com/ does not offer any products for sale whatsoever.  In fact, the website simply states: "UNDER CONSTRUCTION."

39.     On information and belief, using litigation tactics, Hawk has entered into licenses with various entities, executed by its Managing Member, Shulman.

40.     Hawk, by and through Shulman and Schwab, operates as a closely held, sham company, with few employees or activities, designed to act primarily as a "patent troll."

41.     Former Chief Judge for the Court of Appeals for the Federal Circuit articulated the business practice of a patent troll as follows:

> Their business plan is simple: trolls (intellectual-property lawyers use less evocative terms like "non-practicing entities" and "patent- assertion entities") make money by threatening companies with expensive lawsuits and then using that cudgel, rather than the merits of a case, to extract a financial settlement.

Hon Randall R. Rader, Chien & Hricik, *Make Patent Trolls Pay in Court*, N.Y. Times, Jun. 4, 2013, http://www.nytimes.com/2013/06/05/opinion/make-patent-trolls-pay-in-court.html.  In this vein, since at least 2013, Hawk has filed scores of lawsuits against various manufacturers, distributors and retailers for alleged patent infringement.  By November 2, 2020, Hawk already has filed at least 224 patent infringement cases in various federal jurisdictions across multiple states.  *See* Exhibit E.  Significantly, Hawk recently filed suit against Kirkland's, a Salient customer, for alleged infringement of the '091 patent, ███████████████████████████ ████████████████████

42.     Upon information and belief, Hawk has not yet obtained a single substantive verdict or judgment that any entity has ever infringed a single, valid claim of any patent.

43.     Upon information and belief, Hawk has voluntarily dismissed the vast majority of its cases.  *See* Exhibit E.

## DEFENDANTS' BUSINESS PLAN AND MARKET DEFINITION

44.     By filing infringement suits based on, including but not limited to, the '091 patent against Kirkland's, Defendants have engaged in a continuing pattern of anti-competitive behavior in violation of antitrust laws.  Defendants seek to make money by threatening companies in the relevant market with expensive lawsuits and then using that cudgel, rather than the merits of a case, to extract financial settlements.

45.     The relevant geographic market is the United States.  Defendants do not limit their baseless patent infringement suits to any one part of the country, but instead file scores of patent infringement suits throughout the United States against various manufacturers, distributors and retailers in the relevant market.

46.     At all times, and continuing until today, Defendants have acted with the specific intent of making money by threatening companies with expensive lawsuits to extract financial settlements.

47.     ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

## DEFENDANTS' ACTIONS IN INTERSTATE COMMERCE

48.     Defendants' efforts to extract financial settlements by threatening companies with expensive lawsuits have substantially affected interstate commerce.

49.     At all material times, Defendants have continued to assert patents, including in sham and baseless lawsuits, against Salient customers and other manufacturers, distributors and retailers in the relevant market throughout the United States.

50.     At all material times, Defendants transmitted funds as well as contracts, invoices, and other forms of business communications and transactions in a continuous and uninterrupted flow of commerce across state and national lines in connection with the litigation of their patent infringement cases.

51.     In furtherance of their efforts to extract financial settlements from the market for video surveillance, Defendants filed sham and baseless patent infringement suits against Salient's customers and other manufacturers, distributors and retailers in the relevant market throughout the United States.  The activities of Defendants have been within the flow of and have substantially affected interstate commerce.

## EFFECTS OF DEFENDANTS' ACTIONS ON COMPETITION AND MARKET HARM

52.     Defendants' actions were intended to suppress, rather than promote, competition on the merits, and have had precisely this effect.

53.     Salient, Salient's customers, other manufacturers, distributors and retailers in the relevant market throughout the United States have been injured in their business and property because of Defendants' numerous and baseless suits of patent infringement.  These injuries flow from, *inter alia*, defending against baseless suits of patent infringement.

## SALIENT HAS STANDING TO SUE

54.     An actual and justiciable controversy exists between Defendants and Salient.

55.     ███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████

56.     Defendants' exploitation of the U.S. patent system has harmed the competitive process in the field of video surveillance, of which Salient is a member.

57.     Defendants' conduct has caused Salient to suffer damages at least in the form of: (1) lost sales and/or lost profits; (2) damages due to delayed market penetration; and (3) other costs and expenses.

## COUNT I

## BREACH OF CONTRACT

58.     Salient incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

███████████████████████████████

59. ███████████████████████████████████████████████

████████████████████████████████████

60. ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

████████████████████

61. ███████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

███████████████████

62. ██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████

63. ██████████████████████████████████████

███████████████████

64. ██████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

███████████████████

████████████████████████████████

65. ████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████

66.     Defendants' breaches have caused and continue to cause Salient irreparable harm that cannot be fully redressed through damages alone.  An injunction as set forth herein is necessary to provide Salient with complete relief.

## COUNT II

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

67.     Salient incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

68. ██████████████████████████████████████

████████████████████████████

69.     The covenant of good faith and fair dealing requires each party in a contractual relationship to refrain from arbitrary or unreasonable conduct that has the effect of preventing the other party to the contract from receiving the fruits of the bargain.

70.     If a contract confers discretion on one party, the implied covenant of good faith and fair dealing requires that the discretion be used reasonably and in good faith and consistent with the expectations of the parties at the time of the agreement.

71. ████████████████████████████████████████

█████████████████████████████████████

72.     Defendants violated their duty of good faith and fair dealing by arbitrarily and unreasonably interfering with Salient's right to receive the benefit of the contract. ████████

███████████████████████████████████████████

-16-

████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████

73.   ████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████ and arbitrarily and unreasonably failed to meet that obligation.

74.   Salient has been and continues to be damaged as a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing.

## COUNT III

### FRAUD

75.   Salient incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

76.   At various times involved herein, Defendants, individually or through their authorized representatives, made representations to Salient for the purpose of inducing and enticing Salient to rely on said representations and ████████████████████████████████ ██████████

77.   The representations of Defendants have been false and fraudulent. ████████ ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

-17-

████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

██████████

78.     At all times when said representations were made to Salient, Salient did not know the falsity of said representations and could not, with reasonable diligence, ascertain the falsity of said representations.

79.     As intended by Defendants in making said representations, Salient reasonably relied on Defendants to comply with █████████████████, and with all laws and regulations applicable to their business.

80.     As a result of the falsity of Defendants' representations and Salient's reasonable reliance thereon, Salient has been damaged in its reliance on Defendants' fraudulent representations.

████████████████████████████████████

81.     The representations of Defendants were intentional and were fraudulent, malicious and oppressive and were made with the intention of misleading and harming Salient. Salient is therefore entitled to compensatory damages as well as exemplary and punitive damages in an amount sufficient to punish Defendants and deter future wrongful conduct.

## COUNT IV

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

82.     Salient incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

83.     ████████████████████████████████████
████████

84.     ████████████████████████████████████
████████████████████████

85.     At least one reasonably probable business opportunity for Salient has been harmed by Defendants' actions.  Specifically, for example, there is a reasonable probability that Salient would have opportunities for additional security technology business with Kirkland's, as well as with other existing and potential customers and end users of Salient's technology.

86.     Defendants have intentionally interfered with Salient's business opportunities by filing a patent infringement suit against a Salient Third Party, Kirkland's, ███████████
████████████████

87.     Defendants also intentionally interfered with Salient's business opportunities by filing patent infringement suits against at least The Langham Chicago Hotel, Lafayette General Medical Center, The Walsh Construction Group, American Bank of Texas, Taubman Centers Malls, Friedman Properties and Grakon.  There is a reasonable probability that Salient would

████████████████████████████████

have had opportunities for additional security technology business with existing and potential customers and end users of Salient's technology had Defendants not filed these and other suits.

88.     Defendants' actions are the proximate cause of the harm that Salient has suffered to its business relations.

89.     As a result of Defendants' tortious interference with Salient's business relations, Salient is entitled to injunctive relief and damages in an amount to be proven at trial.

<u>COUNT V</u>

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '091 PATENT CLAIMS**

90.     Salient incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

91.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

92.     There is an actual case or controversy such that the Court may entertain Salient's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

93.     Each claim of the '091 patent is invalid for, among other things, failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., including 35 U.S.C §§ 101, 102, 103 and/or 112.

94.     Judicial declaration of the invalidity of the claims of the '091 patent is appropriate and necessary.

## COUNT VI

**PATENT MISUSE (DECLARATORY JUDGMENT OF UNENFORCEABILITY)**

95.     Salient incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

96.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

97.     There is an actual case or controversy such that the Court may entertain Salient's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

98.     The '091 patent, each claim of which is invalid under 35 U.S.C §§ 101, 102, 103 and/or 112, is being exploited and used in an improper manner to make money by threatening companies with expensive lawsuits and then using that cudgel, rather than the merits of a case, to extract financial settlements.

99.     Defendants asserted the '091 patent against a Salient customer, Kirkland's, despite knowing that ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████

100.     Defendants have asserted the '091 patent inequitably to obtain an unjust and unfair result, and not solely to vindicate legitimate patent rights.

101.     Defendants asserted the '091 patent against Kirkland's in order, *inter alia*, to harass Salient and Kirkland's ███████████████████████████████████████████████
████████████████████████████████████████████████████

███████████████████████████████████████████████

102.     Defendants knew that the mere assertion of a claim of patent infringement—even if baseless—would directly interfere with Salient's business model and customers.  Defendants asserted the '091 patent against Kirkland's, *inter alia*, for the anti-competitive purpose of extracting another financial settlement in the relevant market of systems for video surveillance in the United States, and for the tortious purpose of interfering with Salient's business relations.

103.     Salient is entitled to a declaratory judgment that the '091 patent is unenforceable for patent misuse.

104.     Salient is entitled to damages resulting from Defendants' patent misuse.

## COUNT VII

## VIOLATION OF § 2 OF THE SHERMAN ACT

105.     Salient incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

106.     At all relevant times, Defendants have initiated and maintained patent infringement or other lawsuits predicated, in whole or in part, on alleged rights in the '091 patent, that were objectively and subjectively baseless at the time the lawsuits were filed, including *Hawk Technology Systems, LLC v. Kirkland's Inc. d/b/a Kirkland's Stores, Inc.*, Case No.: 3-20-cv-00276 (Northern District of Mississippi).

107.     Defendants' lawsuit against Kirkland's is objectively baseless because no reasonable litigant could realistically expect success on the merits.

108.     Defendants' lawsuit against Kirkland's is motivated by a subjective intent to abuse the litigation process to interfere with the business of Salient and Salient's customers, including Kirkland's, rather than to obtain judicial relief.

109.    Defendants' patent infringement claim against Kirkland is objectively baseless, unreasonable, and improper because Defendants knew, or recklessly disregarded, that:

(a) Defendants had the duty ██████████████████████████
███████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████

(b) ██████████████████████████████████
████████████████████████████████████████
████████████████████████████

(c) ██████████████████████████████████████
████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████ and/or

(d) Each claim of the '091 patent is invalid under 35 U.S.C §§ 101, 102, 103 and/or 112.

110.    Defendants' acts were undertaken in bad faith, for the purpose and with the expected effect of extracting a financial settlement from a Salient customer.

111.    Defendants' prior litigation of the Patents in Controversy against at least The Langham Chicago Hotel, Lafayette General Medical Center, The Walsh Construction Group, American Bank of Texas, Taubman Centers Malls, Friedman Properties and Grakon was a

██████████████████████████████████

device for circumventing antitrust law and antitrust suits.  Defendants used the prior litigation and ████████████████ as devices—masks—for a sham and objectively baseless litigation orchestrated by Defendants as part of their standard predatory behavior to extract a financial settlement.

112.    There is no business necessity or other pro-competitive justification for Defendants' conduct.

113.    Defendants' actions have occurred in and affect interstate commerce.

114.    Salient has suffered antitrust injuries as a result of Defendants' violations of the Sherman Act; that is, injury of the type the antitrust laws were intended to prevent and that flows from that which makes Defendants' acts unlawful.

115.    Salient's injuries flow directly from Defendants' predatory and anticompetitive conduct in the relevant market for video surveillance.

116.    As a result of Defendants' violations of the Sherman Act, Salient is entitled to recover treble damages and its costs of suit, including reasonable attorneys' fees, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, and it is entitled to injunctive relief, pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26.

## DEMAND FOR JURY TRIAL

117.    Pursuant to Federal Rule of Civil Procedure 38(b), Salient respectfully requests a trial by jury on all issues properly triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Salient respectfully requests that the Court enter judgment in its favor and against Defendants on the claims set forth above and respectfully requests that this Court:

A.      enter judgment for Salient that Defendants breached a valid and enforceable contract with Salient;

B.      enter judgment for Salient that Defendants breached the covenant of good faith and fair dealing;

C.      enter judgment for Salient that Defendants committed fraud upon Salient;

D.      enter judgment for Salient that Defendants tortiously interfered with Salient's business relations;

E.      enter judgment that each of the claims of the '091 patent is invalid;

F.      enter judgment that the '091 patent is unenforceable for patent misuse;

G.      enter judgment that Defendants have violated § 2 of the Sherman Act;

H.      award Salient damages sufficient to compensate Salient for the injuries it has sustained from Defendants' conduct;

I.      award Salient punitive damages in an amount sufficient to punish Defendants and deter future wrongful conduct;

J.      award Salient trebled damages, pursuant to the Clayton Act, 15 U.S.C. § 15;

K.      declare this to be an exceptional case under 35 U.S.C. § 285 and award Salient costs, expenses and disbursements in this action, including reasonable attorney's fees;

L.      award Salient costs, expenses and disbursements in this action, including reasonable attorney's fees, pursuant to the Clayton Act, 15 U.S.C. § 15;

M.      enjoin Defendants and all persons acting in concert with Defendants from filing, maintaining, funding and/or participating in any profits from any patent infringement suit related to the Patents in Controversy against Salient, Salient end users, customers, distributors, resellers, and all other interested parties; and

-25-

N.      award Plaintiff such further and additional relief as this Court deems just and

proper.

Respectfully submitted,

GIBBONS P.C.

*/s/ Christopher Viceconte*
Christopher Viceconte  (No. 5568)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801-1671
cviceconte@gibbonslaw.com
Tel: 302-518-6322

*Attorneys for Plaintiff*
*SALIENT SYSTEMS CORPORATION*

OF COUNSEL:

Justin J. Hasford
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000
justin.hasford@finnegan.com


Dated: November 20, 2020